UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CLAUDIA MARIA DE JESUS MONTEJO SANTIAGO,
Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-4541-CAB-BJW

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Claudia Maria De Jesus Montejo Santiago has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Having reviewed the Petition, Respondents' return, [Doc. No. 5], and Petitioner's traverse, [Doc. No. 6], the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a citizen and national of Guatemala who entered the United States without inspection or authorization near Eagle Pass, Texas on December 29, 2023. [Doc. No. 5 at 2; Doc. No. 5-1 at 18.] She surrendered to immigration authorities, was detained for approximately five days, and released. [Petition at 9–10.] Petitioner was recently re-detained on May 24, 2026 at the 32nd Street Naval Base gate. [Petition at 3; Doc. No. 5 at 2.]

As part of the removal proceedings initiated against Petitioner upon her initial entry to the United States, an Immigration Judge ("IJ") denied Petitioner's request for relief and ordered Petitioner removed to Guatemala on March 17, 2025. [Doc. No. 5 at 2.] The Board of Immigration Appeals ("BIA") affirmed the IJ's decision on August 13, 2026. [*Id.*]

**II. LEGAL STANDARD**

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that she is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

**III. DISCUSSION**

Petitioner argues that her arbitrary detention violates the Due Process clause of the Fifth Amendment, the Fourth Amendment, and the Administrative Procedure Act. [Petition at 10–14.]

Petitioner cites two general types of cases to support her immediate release. [*E.g.*, Petition at 8 (citing *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (noncitizen released by immigration authorities pending removal proceedings retains a liberty interest in their freedom as long as they comply with the conditions of release)); Doc. No. 6 at 3 (citing *Le v. Chesnut*, No. 1:26-CV-01750 JLT SAB, 2026 WL 809891 (E.D. Cal. Mar. 24, 2026) (noncitizen released following final order of removal entitled to certain processes before re-detention pursuant to the same final order of removal)).] These cases do not apply to Petitioner, however, because as of August 13, 2026 she is subject to the removal period and detention provisions prescribed by 8 U.S.C. § 1231, and has not been at liberty during this period. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); 8 C.F.R. § 1241.1(a) (an IJ's order of removal becomes final upon dismissal of an appeal by the BIA).

The Court thus finds that Petitioner is currently lawfully detained under 8 U.S.C. § 1231. Should Petitioner's detention continue beyond the presumptively reasonable six-month period identified in *Zadvydas v. Davis*, 533 U.S. 678 (2001), she may file an amended petition with the Court.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Petition.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: September 1, 2026

Hon. Cathy Ann Bencivengo
United States District Judge